IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GIUSEPPE SANTAROSSA 400 Sheffield Dr. Findlay, Ohio 45840 | ) ) ) ) | CASE NO. JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES AND REINSTATEMENT** |
| P & A INDUSTRIES, INC. 600 Crystal Ave. Findlay, Ohio 45840 | ) ) ) ) | **JURY DEMAND ENDORSED HEREIN** |
| **Serve also:** P & A Industries, Inc. c/o C T CORP 1300 E. 9th Street Cleveland, Ohio 44114 | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff, Giuseppe Santarossa, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## **PARTIES**

1. Santarossa is a resident of the city of Findlay, county of Hancock, state of Ohio.

2. P & A Industries, Inc. ("P & A") is a foreign, for-profit, corporation that operates a business located at 600 Crystal Avenue, Findlay, Ohio 45840.

3. P & A was at all times hereinafter mentioned an employer within the meaning of R.C. 4112.01 *et seq*.

4. P & A was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. 2000e-2 *et seq*.

## JURISDICTION & VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 in that Santarossa is alleging a Federal Law Claim under the Civil Rights Act of 1964, 42 U.S.C. 2000e-2.

6. All material events alleged in this Complaint occurred in county of Hancock.

7. This Court has supplemental jurisdiction over Santarossa's state law claims pursuant to 28 U.S.C. 1367 as Santarossa's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391.

9. Within 300 days of the conduct alleged below, Santarossa filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission..

10. On or about March 10, 2022 the EEOC issued and mailed a Notice of Right to Sue letter to Santarossa regarding the Charges of Discrimination brought by Santarossa against P & A Industries, Inc. in his EEOC Agency Charge No. 532-2021-00660.

11. Santarossa received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

12. Santarossa has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Santarossa has properly exhausted his administrative remedies pursuant to 29 C.F.R 1614.407(b).

14. Santarossa has properly exhausted his administrative remedies pursuant to R.C. 4112.01 *et seq*.

## FACTS

15. Santarossa is a former employee of P & A.

16. Santarossa's race is African American.

17. Santarossa's national origin is Eritrean East African.

18. P & A employed Santarossa as a Production Worker from on or about November 4, 2019 to on or about June 14, 2020.

19. P & A then employed Santarossa as a Production Operator on or about June 15, 2020.

20. P & A employed Ryan Kaufman as an area manager.

21. Kaufman supervised Santarossa.

22. Kaufman's race is Caucasian.

23. Kaufman had the ability to terminate Santarossa's employment.

24. Kaufman did not participate in the decision to hire Santarossa.

25. At the onset of Santarossa's employment, Kaufman began treating Santarossa differently than his non-minority co-workers.

26. At the onset of Santarossa's employment at P & A, Kaufman harassed and discriminated against Santarossa.

27. Kaufman threatened Santarossa.

28. Kaufman threw items on the floor in front of Santarossa and instructed Santarossa to go and pick up the items he tossed on the floor.

29. Kaufman's throwing items on the floor and instructing Santarossa to go and pick them up was akin to playing fetch with a dog ("Playing Fetch With Santarossa.")

30. Kaufman's Playing Fetch With Santarossa was done because Kaufman believed that minorities were inferior to him.

31. Alternatively, Kaufman's Playing Fetch With Santarossa was done because Kaufman believed that he was superior to minorities.

32. Kaufman did not play fetch with Caucasian employees because Kaufman believed that Caucasian employees were superior to minority employees.

33. Santarossa believed that he would be terminated if he did not follow Kaufman's instructions to go pick up the items.

34. As a result of Kaufman's Playing Fetch With Santarossa, Santarossa picked up the items from the floor tossed by Kaufman.

35. As a result of Kaufman's Playing Fetch With Santarossa, Santarossa's co-workers stood by and watched Santarossa go pick up the items tossed by Kaufman.

36. As a result of Kaufman's threats against Santarossa, Santarossa struggled to maintain good job performance.

37. As a result of Kaufman's Playing Fetch With Santarossa, Santarossa struggled to maintain good job performance.

38. Kaufman's Playing Fetch With Santarossa occurred on more than one occasion.

39. As a result of Kaufman's Playing Fetch With Santarossa, Santarossa was offended.

40. As a result of Kaufman's Playing Fetch With Santarossa, Santarossa was humiliated.

41. As a result of Kaufman's Playing Fetch With Santarossa, Santarossa was made to feel inferior to Kaufman and his Caucasian co-workers.

42. Kaufman did not throw items on the floor in front of Caucasian employees.

43. Kaufman did not force Caucasian employees to pick up items thrown to the floor by Kaufman.

44. Caucasian employees did not pick up items thrown to the floor by Kaufman.

45. Caucasian employees were not placed in fear of being fired for not picking up items thrown to the floor by Kaufman.

46. Caucasian employees where not offended in front of their co-workers because Kaufman did not force them to play a game of fetch.

47. Caucasian employees were not humiliated in front of their co-workers because Kaufman did not force them to play a game of fetch.

48. Caucasian employees were not made to feel inferior to Kaufman or their co-workers because Kaufman did not force them to play a game of fetch.

49. Kaufman's Playing Fetch With Santarossa was race discrimination.

50. Kaufman's Playing Fetch With Santarossa was national origin discrimination.

51. Kaufman referred to African American men as "bros" ("Bro Comment.").

52. Kaufman referred to minorities as "bros."

53. Kaufman did not refer to Caucasian men as "bros."

54. Santarossa was offended by Kaufman's Bro Comment.

55. Kaufman's Bro Comment was race discrimination.

56. Kaufman's Bro Comment was national origin discrimination.

57. When Kaufman was not supervising Santarossa, Santarossa was not instructed to go get items tossed on the floor by the attending supervisor.

58. Santarossa reported Kaufman's threats and Playing Fetch With Santarossa to P & A's human resources department ("First Report Of Discrimination.")

59. Santarossa's First Report Of Discrimination was in opposition to Kaufman's race discrimination against him.

60. Santarossa's First Report Of Discrimination was in opposition to Kaufman's national origin discrimination against him.

61. P & A has a policy to investigate reports of unlawful discrimination.

62. An investigation should include interviewing the complainant.

63. An investigation should include interviewing the subject of the complaint.

64. An investigation should include interviewing the subject of the reported discrimination.

65. An investigation should include interviewing witnesses to the reported discrimination.

66. An investigation should include getting a written statement from the complainant.

67. An investigation should include getting a written statement from the subject of the complaint.

68. An investigation should include getting a written statement from the subject of the reported discrimination.

69. P & A failed to take prompt remedial action following Santarossa's First Complaint of Discrimination.

70. P & A did not discipline Kaufman as a result of Santarossa's First Complaint of Discrimination.

71. By failing to discipline Kaufman, based on Santarossa's First Complaint Of Discrimination, Defendants ratified Kaufman's conduct.

72. By failing to discipline Kaufman, based on Santarossa's First Complaint Of Discrimination, Defendants permitted Kaufman's conduct to continue.

73. By failing to discipline Kaufman, based on Santarossa's First Complaint Of Discrimination, Kaufman's discriminatory conduct against Santarossa did continue.

74. Kaufman engaged in repeated acts of discrimination against Santarossa in retaliation for being reported in Santarossa's First Complaint Of Discrimination.

75. As part of Santarossa's First Report Of Discrimination, Santarossa requested that he not be required to work under Kaufman's supervision.

76. As part of Santarossa's First Report Of Discrimination, Santarossa requested that Kaufman not be permitted to continue to have access to Santarossa.

77. After Santarossa's First Complaint Of Discrimination, P & A's human resources department transferred Santarossa to second shift.

78. Kaufman was primarily responsible for supervising second shift employees.

79. Santarossa wrote a letter to P & A's human resources department requesting not to be transferred to second shift because Kaufman made him feel unsafe and uncomfortable.

80. P & A's human resources department denied Santarossa's request to not work second shift.

81. P & A's human resources department transferred Santarossa to second shift.

82. P & A's transferring Santarossa to second shift was retaliation for Santarossa filing his First Complaint Of Discrimination against Kaufman.

83. P & A set Santarossa up to fail at his job by transferring Santarossa to second shift where Kaufman primarily supervised.

84. P & A transferred Santarossa to second shift with the intent of forcing Santarossa to quit.

85. Santarossa began working second shift with Kaufman primarily supervising Santarossa's work performance.

86. In retaliation for filing the First Report Of Discrimination, Kaufman continued Playing Fetch With Santarossa.

87. Kaufman's continuation of Playing Fetch With Santarossa was discrimination because of Santarossa's race.

88. Kaufman's continuation of Playing Fetch With Santarossa was discrimination against Santarossa because of Santarossa's national origin.

89. In retaliation for filing the First Report Of Discrimination, Kaufman continued threatening Santarossa.

90. Santarossa continued feeling offended by Kaufman's Playing Fetch With Santarossa.

91. Santarossa continued feeling humiliated by Kaufman's Playing Fetch With Santarossa.

92. Santarossa continued feeling inferior to Kaufman and his Caucasian co-workers.

93. In an effort to terminate Santarossa's employment, Kaufman prepared Santarossa's performance evaluation using false information against Santarossa ("Falsified Performance Evaluation.")

94. Alternatively, in Kaufman's Falsified Performance Evaluation, Kaufman falsified data and used it to negatively rate Santarossa's, otherwise positive, job performance.

95. Santarossa discovered Kaufman's malfeasance in falsifying data on his performance review.

96. Santarossa reported Kaufman's Falsified Performance Evaluation of him to P & A's human resources department.

97. P & A's human resources department confirmed that Kaufman falsified information in Santarossa's performance evaluation.

98. Kaufman's falsification of Santarossa's performance evaluation was race discrimination.

99. Kaufman's falsification of Santarossa's performance evaluation was national origin discrimination.

100. Kaufman attempted to solicit a female employee, Jamie Last Name Unknown ("Jamie LNU,) to make a false sexual harassment report against Santarossa ("Solicitation For Report Of Sexual Harassment.")

101. In Kaufman's Solicitation For Report Of Sexual Harassment against Santarossa, Kaufman asked Jamie LNU to make false statements against Santarossa accusing him of sexually harassing her.

102. Jami LNU refused Kaufman's solicitation of her to make a false sexual harassment allegation against Santarossa.

103. In fact, Jami LNU informed Santarossa of Kaufman's Solicitation For Report Of Sexual Harassment.

104. Kaufman's Solicitation For Report Of Sexual Harassment was another attempt to terminate Santarossa's employment.

105. Kaufman did not make a Solicitation For Report Of Sexual Harassment against Caucasian employees.

106. Kaufman's Solicitation For Report Of Sexual Harassment was race discrimination against Santarossa because he is an African American.

107. Kaufman's Solicitation For Report Of Sexual Harassment was national origin discrimination against Santarossa because he is Eritrean East African.

108. In or around November 2019, Kaufman spoke negatively to Santarossa about immigrants.

109. At a Thanksgiving employee gathering, Kaufman told Santarossa that there wasn't enough food for the immigrants to eat ("No Food For Immigrants Comment.")

110. Santarossa believed that Kaufman's No Food For Immigrants Comment meant that there was no food for African Americans because of their race.

111. Kaufman did not tell the Caucasian employees that there wasn't enough food for them to eat.

112. Santarossa was offended by Kaufman's No Food For Immigrants Comment.

113. A reasonable person in the position of Santarossa would have been offended by the No Food For Immigrants Comment.

114. Kaufman made the No Food For Immigrants Comment with the intention of forcing Santarossa to quit.

115. Kaufman's No Food For Immigrants Comment was race discrimination.

116. Kaufman's No Food For Immigrants Comment was national origin discrimination.

117. Santarossa was overwhelmed by Kaufman's repeatedly Playing Fetch With Santarossa, Bro Comment, failure of P & A to act on First Report Of Discrimination, Falsified Performance Evaluation, Solicitation For Report of Sexual Harassment, and No Food For Immigrants Comment.

118. Santarossa could no longer withstand Kaufman's repeatedly Playing Fetch With Santarossa, Bro Comment, failure of P & A to act on First Report Of Discrimination, Falsified Performance Evaluation, Solicitation For Report of Sexual Harassment, and No Food For Immigrants Comment.

119. Kaufman's repeatedly Playing Fetch With Santarossa, Bro Comment, failure of P & A to act on First Report Of Discrimination, Falsified Performance Evaluation, Solicitation For Report of Sexual Harassment, and No Food For Immigrants Comment created a hostile working environment for Santarossa.

120. On or about July 9, 2020, P & A constructively terminated Santarossa's employment as a result of Kaufman's repeatedly Playing Fetch With Santarossa, Bro Comment, failure of P

& A to act on First Report Of Discrimination, Falsified Performance Evaluation, Solicitation For Report of Sexual Harassment, and No Food For Immigrants Comment.

121. A reasonable person would have found Santarossa's working conditions to be so intolerable that they would have forced a reasonable person to resign.

122. Defendant created working conditions so intolerable with the intention of forcing Kaufman to resign.

123. Defendant constructively discharged Santarossa because of his race.

124. Defendant constructively discharged Santarossa because of his national origin.

125. Defendant constructively discharged Santarossa in retaliation for making protected complaints.

126. As a result of Defendant's conduct, Santarossa has suffered, and continues to suffer damages.

**COUNT I:  RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq*.**

127. Santarossa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

128. Throughout his employment, Santarossa was fully competent to perform his essential job duties.

129. Defendant treated Santarossa differently than other similarly situated employees based on his race.

130. Defendant violated 42 U.S.C. 2000e-2 *et seq*. by discriminating against Santarossa due to his race.

131. Defendant created working conditions that were so intolerable for Santarossa with the intention of forcing him to quit.

132. Defendant created working conditions that were so intolerable for Santarossa with the intention of forcing him to quit because of his race.

133. On or about July 9, 2020, P & A Industries, Inc. constructively discharged Santarossa because of his race.

134. At all times material herein, similarly situated non-African American employees were not constructively discharged.

135. Defendant constructively discharged Santarossa based on his race.

136. Defendant violated 42 U.S.C. 2000e-2 *et seq*. when it constructively discharged Santarossa based on his race.

137. Santarossa suffered emotional distress as a result of Defendant's conduct.

138. As a direct and proximate result of Defendant's conduct, Santarossa has suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT II:  RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*.

139. Santarossa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

140. Throughout his employment, Santarossa was fully competent to perform his essential job duties.

141. Defendant treated Santarossa differently than other similarly situated employees based on his race.

142. Defendant violated R.C. § 4112.01 *et seq*. by discriminating against Santarossa due to his race.

143. Defendant created working conditions that were so intolerable for Santarossa with the intention of forcing him to quit.

144. Defendant created working conditions that were so intolerable for Santarossa with the intention of forcing him to quit because of his race.

145. On or about July 9, 2020, P & A Industries, Inc. constructively discharged Santarossa because of his race.

146. At all times material herein, similarly situated non-African American employees were not constructively discharged.

147. Defendant constructively discharged Santarossa based on his race.

148. Defendant violated R.C. § 4112.01 *et seq.* when it constructively discharged Santarossa based on his race.

149. Santarossa suffered emotional distress as a result of Defendant's conduct.

150. As a direct and proximate result of Defendant's conduct, Santarossa has suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT III: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq*.

151. Santarossa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

152. Throughout his employment, Santarossa was fully competent to perform his essential job duties.

153. Defendant treated Santarossa differently than other similarly situated employees based on his national origin.

154. Defendant violated 42 U.S.C. 2000e-2 *et seq.* by discriminating against Santarossa due to his national origin.

155. Defendant created working conditions that were so intolerable for Santarossa with the intention of forcing him to quit.

156. Defendant created working conditions that were so intolerable for Santarossa with the intention of forcing him to quit because of his national origin.

157. On or about July 9, 2020, P & A Industries, Inc. constructively discharged Santarossa because of his national origin.

158. Defendant constructively discharged Santarossa based on his national origin.

159. Defendant violated 42 U.S.C. 2000e-2 *et seq.* when it constructively discharged Santarossa based on his national origin.

160. Santarossa suffered emotional distress as a result of Defendant's conduct.

161. As a direct and proximate result of Defendant's conduct, Santarossa has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT IV: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF R.C. 4112.01 *et seq.*

162. Santarossa restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

163. Throughout his employment, Santarossa was fully competent to perform his essential job duties.

164. Defendant treated Santarossa differently than other similarly situated employees based on his national origin.

165. Defendant violated R.C. § 4112.01 *et seq.* by discriminating against Santarossa due to his national origin.

166. Defendant created working conditions that were so intolerable for Santarossa with the intention of forcing him to quit.

167. Defendant created working conditions that were so intolerable for Santarossa with the intention of forcing him to quit because of his national origin.

168. On or about July 9, 2020, P & A Industries, Inc. constructively discharged Santarossa because of his national origin.

169. Defendant constructively discharged Santarossa based on his national origin.

170. Defendant violated R.C. § 4112.01 *et seq.* when it constructively discharged Santarossa based on his national origin.

171. Santarossa suffered emotional distress as a result of Defendant's conduct.

172. As a direct and proximate result of Defendant's conduct, Santarossa has suffered and will continue to suffer damages, including economic and emotional distress damages

## COUNT V: RETALIATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq*.

173. Santarossa restates each and every prior paragraph of this complaint, as if it were fully restated herein.

174. As a result of the Defendant's discriminatory conduct described above, Santarossa complained about the discrimination he was experiencing.

175. Subsequent to Santarossa making his First Report Of Discrimination against Kaufman to P & A, P & A failed to take prompt remedial action.

176. Subsequent to Santarossa making his First Report Of Discrimination against Kaufman to P & A, continued to instruct Santarossa to work with Kaufman.

177. Subsequent to Santarossa making his First Report Of Discrimination against Kaufman to P & A, Kaufman falsified Santarossa's performance evaluation.

178. Subsequent to Santarossa making his First Report of Discrimination against Kaufman to P & A, Kaufman solicited a female employee to file a false sexual harassment report against Santarossa

179. Subsequent to Santarossa making his First Report Of Discrimination against Kaufman to P & A, Kaufman, during a Thanksgiving employee dinner, Kaufman made a No Food For Immigrants Comment.

180. Subsequent to Santarossa making the First Report Of Discrimination, Santarossa made a second complaint that he would be forced to continue working for Kaufman.

181. Subsequent to Santarossa's complaints of discrimination, Defendant constructively discharged his employment.

182. Defendant constructively discharged Santarossa's employment because of his complaints of discrimination.

183. Defendant failed to take prompt remedial action following Santarossa's second complaint of discrimination.

184. Defendant's actions were retaliatory in nature based on Santarossa's opposition to the unlawful discriminatory conduct.

185. Pursuant to 42 U.S.C. 2000e-2, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

186. Santarossa suffered emotional distress as a result of Defendant's conduct.

187. As a direct and proximate result of Defendant's retaliatory discrimination against and constructive discharge of Santarossa, he suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT VI: RETALIATION IN VIOLATION OF R.C. 4112.02(I)**

188. Santarossa restates each and every prior paragraph of this complaint, as if it were fully restated herein.

189. As a result of the Defendant's discriminatory conduct described above, Santarossa complained about the discrimination he was experiencing.

190. Subsequent to Santarossa making his First Report Of Discrimination against Kaufman to P & A, P & A failed to take prompt remedial action.

191. Subsequent to Santarossa making his First Report Of Discrimination against Kaufman to P & A, continued to instruct Santarossa to work with Kaufman.

192. Subsequent to Santarossa making his First Report Of Discrimination against Kaufman to P & A, Kaufman falsified Santarossa's performance evaluation.

193. Subsequent to Santarossa making his First Report of Discrimination against Kaufman to P & A, Kaufman solicited a female employee to file a false sexual harassment report against Santarossa

194. Subsequent to Santarossa making his First Report Of Discrimination against Kaufman to P & A, Kaufman, during a Thanksgiving employee dinner, Kaufman made a No Food For Immigrants Comment.

195. Subsequent to Santarossa making the First Report Of Discrimination, Santarossa made a second complaint that he would be forced to continue working for Kaufman.

196. Subsequent to Santarossa's complaints of discrimination, Defendant constructively discharged his employment.

197. Defendant constructively discharged Santarossa's employment because of his complaints of discrimination.

198. Defendant failed to take prompt remedial action following Santarossa's second complaint of discrimination.

199. Defendant's actions were retaliatory in nature based on Santarossa's opposition to the unlawful discriminatory conduct.

200. Pursuant to R.C. 4112.02(I), it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

201. Santarossa suffered emotional distress as a result of Defendant's conduct.

202. As a direct and proximate result of Defendant's retaliatory discrimination against and constructive discharge of Santarossa, he suffered and will continue to suffer damages, including economic and emotional distress damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Santarossa demands from Defendant the following:

a) Issue an order requiring P & A to restore Santarossa to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

b) An award against Defendant of compensatory and monetary damages to compensate Santarossa for compensatory damages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

c) An award of punitive damages against Defendant in an amount in excess of $25,000;

d) An award of reasonable attorneys' fees and non-taxable costs for Santarossa's claims as allowable under law;

e) An award of the taxable costs of this action; and

f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
Kevin A. Buryanek (0099300)
Shashelia Degraffinried (101692)
**SPITZ, THE EMPLOYEE'S FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  daniel.dubow@spitzlawfirm.com
        kevin.buryanek@spitzlawfirm.com
        shelia.degraffinried@spitzlawfirm.com

*Attorneys For Plaintiff*

## JURY DEMAND

Plaintiff Giuseppe Santarossa demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
Kevin A. Buryanek (0099300)
Shashelia Degraffinried (101692)
**SPITZ, THE EMPLOYEE'S FIRM**